UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WENDY GRASSO and NICHOLAS GRASSO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>versus<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:15-cv-20774-RNS |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ITS MOTION TO DISMISS AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully requests that the Court reconsider the portion of its August 24, 2015 Order ("Order") (Doc. 21) denying Electrolux's motion to dismiss plaintiffs' claim for breach of express warranty. Electrolux's motion and the Court's ruling on the same were premised on the text of an inapplicable limited warranty, mistakenly identified by Electrolux, that contains materially different warranty periods from the relevant warranty. Because the Court's Order relied on these erroneous warranty periods in ruling on Electrolux's motion to dismiss plaintiffs' breach of express-warranty claim, the Court should reconsider its ruling under the terms of the proper warranty, which includes only one warranty provision, with an explicit one-year period.[1]

---

[1] Electrolux is separately moving for transfer to the Middle District of Florida on the ground that none of the witnesses or evidence are located in this district. Nonetheless, Electrolux seeks partial reconsideration of its motion to dismiss in this Court to make clear that it is not engaging in forum-shopping and to ensure that all matters related to Electrolux's motion to dismiss can be decided by this Court.

## **BACKGROUND**

Plaintiffs Wendy and Nicholas Grasso filed a putative class action complaint on January 2, 2015, asserting causes of action for breach of express and implied warranty, and a claim for declaratory relief, arising from their purchase of a Frigidaire front-load washing machine, Model FAFW3511KW0, manufactured by Electrolux at a retailer in Florida in January 2010. (*See* Mot. to Dismiss ("MTD") at 3-5, (Doc. 7) (citing Compl. ¶¶ 14, 55-69 (Doc. 1-2).).)

On March 3, 2015, Electrolux filed its motion to dismiss all of plaintiffs' claims, attaching a copy of a Major Appliance Warranty Information containing the following warranty periods: (1) a one-year warranty period for "[a]ll parts"; (2) a warranty period for the "[f]unctional life of the product" for the "[w]ash tub"; and (3) a ten-year warranty period for the "[w]ash tub drive motor, non-cosmetic defects." (MTD at 3-4 & n.2 (internal quotation marks and citation omitted).) With respect to the express-warranty claim specifically, Electrolux argued that no breach occurred because the applicable warranty provision only covered problems manifesting in the first year after purchase, whereas plaintiffs' allegations state that they did not "beg[i]n to notice noxious odors on their clothing after it had been washed" until February 2012, two years after purchasing their machine. (*See* Compl. ¶ 14; MTD at 5-8.)

The Court denied Electrolux's motion in its August 24, 2015 order. (*See generally* Order.) With respect to the express-warranty claim, the Court disagreed with Electrolux's reading that the ten-year warranty provision applied only to "non-cosmetic defects *in the wash tub drive motor.*" (*Id.* at 2 (emphasis added).) Instead, the Court concluded that the ten-year warranty applied to ***all*** non-cosmetic defects, not only those associated with the wash tub drive motor. (*Id.* at 1-3.)

As set forth in the attached declaration of Bill Lange, Senior Director of Branded Service and Warranty at Electrolux, Electrolux subsequently discovered that it mistakenly identified and

relied upon an inapplicable warranty in support of its motion. (Decl. of William ("Bill") Lange ("Lange Decl.") ¶¶ 2-5, Dec. 15, 2015 (attached as Ex. 1).)  In fact, the warranty submitted with Electrolux's motion to dismiss was not implemented until February 2012. (*Id.* ¶ 5.)

Instead, plaintiffs' front-load washer was actually governed by the following limited warranty that applied to all Electrolux-manufactured, Frigidaire-branded front-load washing machines that were manufactured between 2008 and 2010:

> Your appliance is covered by a one year limited warranty.  For one year from your original date of purchase, Electrolux will pay all costs for repairing or replacing any parts of this appliance that prove to be defective in materials or workmanship when such appliance is installed, used and maintained in accordance with the provided instructions.

(Electrolux Major Appliance Warranty Information (attached as Ex. 2).)[2]  Unlike the 2012 warranty erroneously relied upon in Electrolux's motion to dismiss, the applicable warranty does not provide separate, longer warranty periods for the "[w]ash tub drive motor, non-cosmetic defects" or anything else. (*See id.*)

In short, the language on which the Court based its ruling was not included in the warranty that actually came with plaintiffs' machine. (Lange Decl. ¶¶ 7-8.)

## ARGUMENT

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a judgment, order, or proceeding for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).  A

---

[2]    Courts "may take judicial notice" of documents that are "'central to or referenced in the complaint.'" *Lawrence Holdings, Inc. v. ASA Int'l, Ltd.*, No. 8:14-cv-1862-T-33EAJ, 2014 U.S. Dist. LEXIS 154246, at *11-12 (M.D. Fla. Oct. 30, 2014) (citation omitted) (taking judicial notice of agreements referenced in complaint). Because "[p]laintiffs have referenced the written Warrant[y] in the . . . Complaint without attaching [it] as [an] exhibit[] . . . the Court may consider" it because it is "central to the dispute, and [its] contents are not in dispute." *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1334 n.2 (S.D. Fla. 2013).

motion for reconsideration under Rule 60(b)(1) must be made within a "reasonable time," no more than a year after entry of the judgment or order at issue. Fed. R. Civ. P. 60(c)(1); *Fuller v. Edward B. Stimpson Co.*, 971 F. Supp. 2d 1146, 1171-72 (S.D. Fla. 2013), *on reconsideration in part* (Dec. 23, 2013) (granting defendants' motion for reconsideration of order denying motion for summary judgment; motion was timely where motion was made within a "reasonable time" of order and plaintiffs failed to show any "cognizable prejudice" from the timing of the filing).

Reconsideration of a prior order is generally appropriate where a party is able to demonstrate at least one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Herman v. Hartford Life & Accident Ins*. Co., No. 10-61661-CIV, 2012 WL 1004849, at *1, *5 (S.D. Fla. Mar. 26, 2012), *aff'd*, 508 F. App'x 923 (11th Cir. 2013) (granting motion for reconsideration where court relied upon "misstated and misunderstood facts" in denying defendant's motion for summary judgment). In considering a motion under Rule 60(b), a "district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (granting motion for reconsideration to correct post-judgment interest rate where moving party had "fail[ed] to notice" that the interest rate provided for by the original judgment was not the applicable federal rate).

Here, reconsideration is appropriate because, due to Electrolux's "mistake and inadvertence" in identifying an erroneous Limited Warranty in support of its motion to dismiss, the Court unknowingly relied on a warranty that did not apply to the front-load washing machine purchased by plaintiffs. (Lange Decl. ¶¶ 4-5; Electrolux Major Appliance Warranty Information.) In fact, the actual warranty applicable to plaintiffs' washing machine does not

include the ten-year "[w]ash tub drive motor, non-cosmetic defects" warranty provision on which the Court relied in denying Electrolux's motion to dismiss. (Order at 1-3; Lange Decl. ¶¶ 7-8.) Instead, it includes only the one-year warranty and nothing else.

There can be no doubt that the exclusive, unambiguous one-year warranty period applicable to plaintiffs' 2010 purchase expired well before plaintiffs allegedly experienced any problems with their washing machine in 2012. (Compl. ¶ 14.) And because plaintiffs may not "bring a claim for breach of [express] warranty [where] the defect they complain of manifested after the expiration of the express warranty," plaintiffs' express-warranty claim must be dismissed. *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 171627, at *9 (S.D. Fla. Dec. 5, 2013); *Aprigliano*, 979 F. Supp. 2d at 1340 (dismissing claim for breach of express warranty because, *inter alia*, "[p]laintiffs cannot plead they experienced any defect during the express warranty periods"). Indeed, as Electrolux noted in its prior briefing, similar express-warranty claims against it have been dismissed in other cases for this very reason, *see Huffman v. Electrolux Home Prods., Inc.*, No. 3:12CV2681, 2013 U.S. Dist. LEXIS 146493, at *7 (N.D. Ohio Sept. 30, 2013) (applying Ohio law; "Because the warranty had already expired by the time the washing machine failed, plaintiff faces an insurmountable bar moving forward with her express warranty claim."); *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1283-84 (S.D. Ga. 2010) (dismissing express-warranty claims under similar one-year limited warranty where plaintiffs experienced problems with their washing machines outside the warranty period), and in the time since the motion to dismiss was decided, yet another court reached the same conclusion (*see* Order at 11, Dkt. No. 49, *Waters v. Electrolux Home Prods., Inc.*, No. 5:13CV151 (N.D. W. Va. Dec. 23, 2015) (dismissing express-

warranty claim because "plaintiffs made their complaints after the one-year limitation period [in the warranty] ran") (attached as Ex. 3)) .[3]

## CONCLUSION

For the foregoing reasons, the Court should reconsider its August 24, 2015 Order denying Electrolux's motion to dismiss plaintiffs' claim for breach of express warranty.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned counsel for Electrolux has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 31, 2015

Respectfully submitted,

John H. Beisner
john.beisner@skadden.com
Jessica D. Miller
jessica.miller@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: 202-371-7000
Facsimile: 202-661-8301

*/s/R. Craig Mayfield*_____
R. Craig Mayfield (FBN 429643)
cmayfield@hwhlaw.com
Joshua C. Webb (FBN 051679)
jwebb@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Telephone: 813-221-3900
Facsimile: 813-221-2900

*Attorneys for Defendant*
*Electrolux Home Products, Inc.*

---

[3] Electrolux's responsibility for the initial mistake does not change the result – as in *Fidelity Federal Bank*, it is appropriate for the Court to grant this motion for reconsideration to correct the earlier error affecting its original Order. 387 F.3d at 1024 (rejecting argument that Fidelity was not entitled to relief under Rule 60(b) because Fidelity had not proved its failure to correct the court's error was due to "excusable neglect," where court had discretion to correct a judgment based on "mistake or inadvertence . . . on the part of counsel").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2015 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for parties in the case.

>/s/R. Craig Mayfield
>*Counsel for Electrolux Home Products, Inc.*